CHARLES HOLLE, PLAINTIFF IN ERROR, v. THE STATE OF NEW JERSEY, DEFENDANT IN ERROR.

Submitted July 12, 1898—Decided November 7, 1898.

The act of April 9th, 1896 (*Pamph. L.*, *p.* 236), repealing divers acts of 1895, which attempted to abolish certain courts, and declaring such courts to have existed and still to exist as if such acts had not been passed, has no effect upon the act of March 26th, 1896 (*Pamph. L.*, *p.* 149), reducing the number of judges of such courts.

On error to the Essex Sessions.

Before MAGIE, CHIEF JUSTICE, and Justices DIXON, LUDLOW and COLLINS.

For the plaintiff in error, *Abner Kalisch* and *Samuel Kalisch.*

For the state, *Louis Hood,* assistant prosecutor of the pleas.

The opinion of the court was delivered by

COLLINS, J.   This writ of error removes a conviction upon an indictment found and tried at September Term, 1896, in

Essex county, and the sentence imposed thereon at that term of two years imprisonment at hard labor, for an assault with intent to kill.

The principal contention of the plaintiff in error is that the court that tried and sentenced him was not legally constituted, in that it was held by one judge instead of by two or more judges. The Courts of General Quarter Sessions of the Peace of the several counties of this state, after the revision of April 9th, 1875 (*Gen. Stat., p.* 1124, § 23), were composed of any two or more judges, for the time being, of the Court of Common Pleas of the county, provided that in those counties having a law judge, as president, such judge should be present as a member of the court. In 1895 (*Pamph. L., pp.* 323, 647, 807) the legislature attempted, by statute, to abolish, after the first Monday in December of that year, the Courts of Common Pleas and General Quarter Sessions of the Peace, and also the Courts of Oyer and Terminer and General Jail Delivery throughout the state, and to establish in their stead, in each county, a county court with the jurisdiction of the courts to be abolished. This ostensibly new court was to be composed of a single judge to be elected by the people. No election was had under this legislation, for the reason that before the day set for election this court had declared it to be unconstitutional. *Schalk* v. *Wrightson,* 29 *Vroom* 50. By a statute approved March 26th, 1896 (*Pamph. L., p.* 149), it was enacted that, after March 31st, 1896, there should be no more than one judge of the Court of Common Pleas in each county, exclusive of the Justice of the Supreme Court authorized to hold the Circuit Court therein, and that either said judge or justice, or both, might hold the Court of Common Pleas and Court of General Quarter Sessions of the Peace in the county. The terms of all judges, except that of the president law judge, where there was such a judge (as in Essex), were ended. All inconsistent acts were repealed. By an act approved April 9th, 1896 (*Id., p.* 236), the acts of 1895 were repealed in terms, and the courts intended to be thereby abolished were by said act declared "to exist and to have

existed with all their jurisdiction, powers and duties as if the repealing acts had never been passed," and all proceedings and judgments of said courts and the acts of the judges thereof were declared " to have the same effect and validity as if said repealing acts had never been passed."

The argument for the plaintiff in error is that this last statute repealed, by implication, the earlier act of the same year and revived the constitution of the courts involved, as existing prior to the legislation of 1895. This is not even specious. That legislation was void (*Schalk* v. *Wrightson, ubi supra; Johnson* v. *State,* 30 *Vroom* 535), and the act of April 9th, 1896, was supererogative; but apart from this there is nothing in that act inconsistent with the subsisting of the act of March 26th. The courts declared still to exist were courts the number of whose judges was at legislative discretion. The particular change made by the act last mentioned has been expressly upheld by this court and by the court of last resort. *Kenny* v. *Hudspeth, Id.* 320, 504. The declaration of the act of April 9th was limited in words to the effect on the courts of the legislation of 1895, not of subsequent legislation. The court that tried and sentenced the plaintiff in error had jurisdiction and was lawfully constituted.

The sentence is attacked on the ground that the record does not show, either by direct averment or by reasonable intendment, the presence of the prisoner in court when it was imposed, as is required where corporal punishment is inflicted. *West* v. *State,* 2 *Zab.* 212, 229. The record shows such presence at the trial, but the sentence is recited to have been imposed at a later day in the term, and there is no recital of a continuance until that time. We find no assignment of error that includes this complaint, unless it be the fourth, viz., " that the court by whom said Charles Holle was sentenced had no jurisdiction," and the general assignment of errors in " passing of sentence." These are hardly sufficient to support so technical an objection as a mere failure to state in the record what was doubtless a fact.

Let the judgment be affirmed.