His Honor, EMILE GrODCHAUX,
rendered the opinion and decree of the Court, as follows:
The sole question presented is whether or not the opponent, a mortgage creditor of the estate, is entitled to be placed upon the account of the administrator herein as a creditor for the attorneys fees stipulated in the following clause of the -act of mortgage:
“It is agreed that in case it shall become necessary, to institute legal proceedings for the recovery of the amount of said note or of any part thereof, the said Joseph Monnier binds himself to pay the fee of the attorney who may be employed for that purpose, which fees are hereby fixed at ten per cent.(16%) of the amount sued for.”
When the administrator qualified he found that the estate possessed no cash assets whatever; that the mov *378 ables were of trivial value and that the two parcels of real estate owned by the succession were burdened with the conventional mortgage of $600.00 held by the opponent as aforesaid.
Contronted thus with the necessity of selling the real ■estate to pay debts and costs of administration, but believing that the sale of one of the properties would yield sufficient funds to liquidate the law charges, funeral '.charges and minor other debts as well as the outstanding mortgage indebtedness aforesaid, the administrator secured an order for its sale, anticipating that he would thereby accomplish a substantial saving for the estate .and its minor heirs.
Upon being notified of the proceeding, the mortgage creditor, through his attorney, at first protested, but finally assented upon being assured by the attorney for the administrator that the "second parcel of property would be sold at once should the proceeds of the contemplated sale not suffice to discharge the mortgage debt.
The property adjudicated for $840.00, but as the law charges, funeral expenses and the like, aggregating $368.16 had first to be paid, there remained but $471.84, which sum, through the medium of a provisional account, was applied to the partial payment of the mortgage, leaving a balance unpaid of $128.16, together with about a year’s interest.
Thereafter, the remaining real estate having been sold conformably to the previous agreement with the attorney for the mortgage creditor and the adjudication having yielded ample funds to satisfy all debts, the administrator filed his final account, placing the opponent thereon as a mortgage creditor to the extent of the unpaid balance in principal and interest, but declining to recognize *379 his claim for the 10 per cent attorneys, fees stipulated in the act of mortgage. The opposition, based upon this latter ground, was dismissed by the trial Court, and opponent appeals.
We are of opinion that the judgment is erroneous and should be reversed.
For upon the facts stated it appears that the succession was without cash assets and could realize none through a sale of movables. The heirs were minors and there were legal charges, funeral expenses and the like to be approved and met before other debts could be liquidated. And it is consequently evident that through judicial proceedings alone, instituted in one form or another, for the purpose of selling the real estate, that the requisite funds could be provided for and imputed to the discharge of the mortgage indebtedness — a situation clearly •within the condition of the mortgage stipulation to the effect that attorneys fees should be due ‘‘if it should become necessary to institute legal proceedings for the recovery of the amount of said note or any part thereof.”
Nor is the creditor’s right to claim these fees impaired by the fact that the proceedings assumed, the form of a succession sale. The necessity of emplgying counsel arose from the incident that his debt could not be collected except through legal proceedings, and his assent to the form of the proceeding, obtained at the instance and for the benefit of the debtor estate, cannot prejudice his claim.
Levy case, 41 A., 832.
Duhe case, 41 A., 209.
The cases of Succession of Foster, 51 A,. 1670, and Hayward vs. Hayward, 114 La., 483, are not in conflict •with the principle applied herein, but rather tend to support it.
*380 Opinion and decree, June 14th, 1916.
It is accordingly decreed that the judgment be reversed and it is now adjudged that the opposition be maintained and that accordingly the administrator be ordered to amend his account and to place opponent thereon as a privileged creditor for the sum of $60.00, and that the costs of this opposition be paid by the succession.
Reversed.